COAL OPERATORS CASUALTY COM-
PANY, a Pennsylvania corpora-
tion, Plaintiff,

v.

H. Nick JOHNSON, Individually, and
H. Nick Johnson Agency, Inc.,
Defendants.

No. 1142.

United States District Court
E. D. Kentucky.
Jan. 23, 1963.

Wallace, Turner & Reed, Lexington, Ky., R. W. Critchfield, Somerset, Pa., for plaintiff.

William Murphy Howard, Harlan, Ky., for defendants.

HIRAM CHURCH FORD, Chief Judge.

This case was tried to the court without the intervention of a jury. Both sides moved for judgment on all counts of the complaint and the plaintiff moved that defendants' counterclaims be dismissed.

At all times referred to herein the plaintiff was a duly licensed insurance company incorporated and having its principal place of business in Pennsylvania and authorized to transact business and act as insurer in the Commonwealth of Kentucky. The individual defendant was a resident of Kentucky and the corporate defendant was a Kentucky corporation.

The plaintiff entered into a written contract with the defendants by the terms of which plaintiff appointed defendants as general agents to solicit applications for contracts of casualty insurance within a designated territory in Kentucky, to collect premiums and to perform certain other duties. The contract was for a period of 18 months from September 1, 1960, and was automatically renewable for successive like periods unless one party notified the other 30 days prior to the end of such 18 month period that it desired that the contract not be renewed. However, either party could terminate the agreement on 60 days written notice to the other. The company bound itself not to appoint directly any other agent within the territory for which defendants were appointed agents. In consideration of the services to be performed by the agent the company was to allow the agent a percentage of net premiums collected.

The principal type of insurance written by defendants as agents for plaintiff was workmen's compensation insurance. In this type of insurance, the evidence shows the premium is based upon the actual payroll of the employer-assured.

Under the contract in question the defendants were charged with the duty of securing and forwarding to the company within fifteen (15) days after the end of each month a report showing the payroll of each assured, and within twenty (20) days from the end of the month the company was to compute and forward to defendants a so-called "account current" showing all premiums due, for all of which the contract provided the defendants should be responsible for collection and payment to the company within forty-five (45) days after the end of the month.

However, under paragraph 6 of the contract, the company reserved the right to collect any premiums due it directly from the assured whenever the company should deem it necessary, and in such event the defendants would be entitled to no commission on premiums collected directly by the company but would be held strictly responsible for all uncollected premiums unless relieved therefrom by the written approval of the company.

The first count of the complaint alleges that defendants breached the contract in two particulars, one of which was defendants' alleged failure to submit monthly payroll reports as required by the fourth paragraph of the contract. In this respect, paragraph 4 provides: "* * the Agent shall forward monthly payroll reports on forms *to be furnished by the Company* * * *" (emphasis supplied). But under date of December 28, 1960, and in response to defendants' request for such payroll report forms, plaintiff wrote defendants advising that it, plaintiff, was instituting a new system whereby such reports would be submitted direct from the assureds to plaintiff and

accordingly did not send the requested forms to the defendants.

Plaintiff's claim for damages in that respect is not sustained by the proof and should be dismissed.

The other particular in which the defendants are alleged to have breached the contract is in their failure to pay and settle the accounts current rendered to them covering the month of January 1961, and the months of March 1961 through and including March 1962. Plaintiff's witness testified that none of these accounts had been paid, satisfied or closed in any other manner and that they were still due and owing, but, upon questioning by the court, admitted that the January 1961 account current as an open account had been closed by the execution of a note by the defendants.

The evidence establishes and the court finds that defendants paid in full through December 1960, and that the first default as to any account occurred when defendants failed to pay the January 1961 account current which became due about March 15, 1961.

■■■ It seems quite clear from the evidence and the Court finds that on or about April 14, 1961, the defendants executed and delivered to the plaintiff their promissory note for $27,477.36 dated April 14, 1961. This note shows upon its face that it represented the January 1961 account current rendered by plaintiff to defendants. Plaintiff is asserting its claim for judgment upon this note by the second count of the complaint, subject to a credit of $627.41 representing direct collections made by plaintiff, thereby leaving due upon the note the sum of $26,849.95. Since this is a diversity case, the law of Kentucky controls. It provides that an antecedent debt is adequate consideration for a promissory note. Uniform Commercial Code K.R.S. § 355.3–408.

■ The defenses to the note asserted by the defendants that it lacks a corporate seal and the signature of corporate secretary and that it is without consideration are each untenable, under the facts and circumstances disclosed. The plaintiff is entitled to judgment for the note with interest, as provided by the terms thereof.

By letter of January 12, 1961, plaintiff notified defendants of its intention to terminate the contract effective sixty (60) days from the date thereof. The contract was subsequently extended by agreement of the parties for a period of thirty (30) days. Thus the contract finally terminated on April 12, 1961.

Paragraph 22 of the contract provides:

"Upon termination of this agreement, the obligations then incurred by and the rights accrued to each party, shall be fully carried out and satisfied by each party, their executors, administrators, successors and assigns."

The last account current rendered by plaintiff to the defendants which covered solely business produced by the defendants under the contract was that of March 1961. The evidence shows that the amount due to the plaintiff from the defendants on the account current for March 1961 was the sum of $4,485.32, with interest from May 15, 1961, the date it became due under the contract as extended, and for this amount plaintiff is entitled to judgment.

■ The claims asserted by the plaintiff by the third and fourth counts of the complaint are that the defendants are liable to it for obligations created by defendants' predecessors and that defendants bound plaintiff on insurance risks without authority so to do. The alleged acts upon which such liability depends have not been proven by competent evidence. The only evidence directed toward these issues was the testimony of the plaintiff's Vice-President and Treasurer relating to facts which he ascertained from evidence introduced in other proceedings, no part of which was introduced here. Such evidence is incompetent. (Carantzas v. Iowa Mutual Insurance Company, 235 F.2d 193, 5th Cir. 1956). Therefore, the claims asserted by plaintiff in the third and fourth counts in the

complaint should be and are denied for lack of supporting proof.

In the fifth and final count of the complaint, plaintiff seeks recovery on certain checks which defendants allegedly endorsed in the name of plaintiff (to whom the checks were payable) and deposited to their own account, all without authority. It is claimed that defendants have failed to account to plaintiff for the proceeds of such checks. While this court finds that the defendants had at least implied authority to endorse said checks and deposit them in the manner alleged, this fact would not relieve defendants from the duty to account to the plaintiff for that portion of the proceeds to which the plaintiff was entitled. However, the evidence shows that the premiums for which such checks were given are included in the January 1961 account current, which was settled by the promissory note for which judgment has been rendered herein. This claim is without merit and is denied.

## DEFENDANTS' COUNTERCLAIM

Defendants assert by way of counterclaim three alleged grounds for relief. The first ground is that defendants were wrongfully charged with premiums in the amount of $72,575.81 from the effective date of the contract to the time of trial.

The next ground of the counterclaim is that plaintiff owes defendants $57,688.66 representing returned premiums charged defendant agency since September 1, 1960. I find no proof sufficient to support either of the above-mentioned claims and they are denied.

The defendants' final claim, that plaintiff violated the contract by soliciting business directly from defendants' customers, is not supported by the testimony.

Judgment will be prepared and served by counsel for plaintiff in conformity with the views herein expressed and, upon at least five (5) days notice to counsel for the defendants, the proposed judgment will be submitted for entry.